David T. Gibbons, J.
By this motion, defendant seeks an order vacating and setting aside the sentence imposed by this court on September 13, 1968, and for a further order directing *930 that the defendant, or his counsel, be furnished with a copy of the presentence report of the Probation Department of Nassau County.
The defendant, age 24, was indicted by the Grand Jury of Nassau County for the crimes of (1) feloniously selling a narcotic drug, and (2) feloniously possessing a narcotic drug, both alleged to have been committed on November 16, 1966, under Indictment No. 23622.
On May 10, 1968, the defendant was granted leave by the court to change his plea from not guilty to the first indictment, to a plea of guilty to the crime of possession of a narcotic drug as a felony under subdivision 3 of section 1751 of the Penal Law in satisfaction of both indictments.
At several presentence conferences with defendant’s counsel, the court freely and openly discussed, in detail, certain cogent facts and recommendations concerning the defendant, contained in the presentence probation report. It was suggested to counsel that he may present such additional information, in writing, as he deemed would be of assistance to the court in imposing sentence. Counsel took advantage of this offer by submitting, prior to the imposition of sentence, a 14-page comprehensive refutation, followed by his 3-page letter, and a letter from the defendant. He also repeated his contentions in an oral statement in open court on the day of sentence.
The contents of these oral and written remarks were all carefully considered by the court prior to, and in connection with, its determination of the sentence to be imposed.
In passing upon what sentence to impose herein, the court, in addition to the presentence probation report, its own inquiries in the matter, also took into consideration counsel’s resumé which also disclosed the defendant’s prior record which consisted of several convictions for disorderly conduct involving acts of violence and aggression, the imposition of a one-year term of probation in Kings County, his involvement with narcotics, and the commission of the crime of unlawful possession of narcotic implements to which he pleaded guilty in the District Court of Nassau County on February 2, 1967, and was sentenced to a term of 60 days in the county jail.
There is indeed, very little in the history of this young man which may commend him to the court. To him violence is a way of life. He dropped out of high school after the first year at the age of 16. He is lazy. His employment record shows short periods of employment and a general unwillingness to work. He was chiefly supported by his parents. His considerable involvement with narcotics has rendered him not only a *931 danger to himself but to the community at large. In the record of his change of plea, his counsel stated: “ he told me that during the period in question, that is, November 16, 1966, that he was a user of heroin, and that before and about that period and after he had almost constantly heroin in his possession ”.
A term of probation in Kings County has been for naught. He has already served a 60-day sentence in jail and learned nothing. He is presently not suitable for further probation. His narcotic habit and his lack of honest work spell out only, that if permitted to remain at large, he will resort to more serious criminal behavior. Such rehabilitation that may be achieved with this young man will come about only by treatment while in confinement. Any other course is to expose the public to great danger.
When the defendant changed his plea to guilty, his counsel succinctly outlined to him the possible jail sentences confronting him in the following language: “ I have explained to him that he is subject to, and exposed to, or might be sentenced to a jail term, indeterminate term, not to exceed ten years, maximum, and not less than three years. I also explained to him in view of the fact he is under 30 years of age and has no prior felony conviction, that Tour Honor has discretion to sentence him to a term of imprisonment in a State Reformatory not to exceed five years.”
On the basis of all of the facts and circumstances relating to the defendant’s background, which includes the information which his counsel furnished the court, it was the determination of the court that justice would best be served and the possible rehabilitation of the defendant could best be achieved by the imposition of a reformatory sentence, one of the possible sentences anticipated by his own attorney.
Accordingly, on September 13, 1968, upon his said plea of guilty, the defendant was sentenced to a reformatory sentence not to exceed 5 years.
Essentially, a presentence probation report is prepared by the Probation Department, pursuant to section 931 of the Code of Criminal Procedure, for the sole purpose of aiding the court in determining the measure of punishment to be meted out. It is based upon an impartial investigation conducted by trained professional individuals employed by the Nassau County Probation Department, who are not adversaries. Its contents are intended to be kept confidential.
Under the prevailing law of this State, the defendant in a criminal case does not have an absolute right upon request, to receive a copy of such probation report which is prepared for *932 the sentencing Judge. There was no abuse of discretion as a matter of law in this court’s refusal to deliver such presentence report to the defendant, or to his counsel. (Williams v. New York, 337 U. S. 241, affg. 298 N. Y. 803; People v. Peace, 18 N Y 2d 230; People v. Michael O. [Anonymous], 22 N Y 2d 831 [July 1, 1968].)
The disclosure of such presentence reports and the names of the persons interviewed in cases involving crimes pertaining to the sale or use of narcotics would tend to endanger the lives of those persons who furnish important information in the course of such investigations, and thereby most effectively discourage our citizenry from freely co-operating and contributing to such investigations by furnishing pertinent details.
In the instant case, although the court did not furnish the defendant with a copy of the probation report for the reasons stated, it did, however, in fairness to the defendant and consistent with the progressive trend as expressed by the proposed draft of the New Criminal Procedure Law, under section 205.10, inform his counsel of its salient points and thereby enabled him to offer a detailed refutation which was taken into consideration by the court prior to imposing sentence. Defendant’s motions are denied.
Accordingly, it is ordered that the defendant’s motions be and the same are hereby denied in all respects and it is further ordered that the stay of execution of sentence heretofore granted be and the same is hereby terminated.